IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFERY JAMES ALEXANDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN,[1] )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 7:13CV250 |

## REPORT AND RECOMMENDATION

Plaintiff Jeffery James Alexander ("Alexander") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled and therefore not eligible for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1383f. Specifically, Alexander alleges that the Administrative Law Judge ("ALJ") erred by failing to consider the combination of his impairments and improperly discrediting him, and that evidence submitted to the Appeals Council necessitates remand for further administrative consideration. I conclude that remand of the Commissioner's decision is proper in light of the additional evidence. Accordingly, I **RECOMMEND DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 20) and **GRANTING IN PART** Alexander's Motion for Summary Judgment (Dkt. No. 13), and reversing and remanding this case for further administrative consideration consistent with this Report and Recommendation.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is hereby substituted for Michael J. Astrue as the defendant in this suit.

1

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Alexander failed to demonstrate that he was disabled under the Act.[2] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). In cases such as this, where the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, this court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991).

## CLAIM HISTORY

Alexander protectively filed for SSI and DIB on September 9, 2009, claiming that his disability began on July 8, 2009. R. 203–11, 228. The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 63–80, 81–101. On November 30, 2011 and April 17, 2012, Administrative Law Judge ("ALJ") Robert S. Habermann held hearings to consider Alexander's disability claim. R. 29–62. Alexander was represented by an

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

2

attorney at the hearings, which included testimony from Alexander and vocational expert Gerald Wells. R. 40–62.

On April 26, 2012, the ALJ entered his decision analyzing Alexander's claim under the familiar five-step process[3] and denying his claim for benefits. R. 9–28. The ALJ found that Alexander suffered from the severe impairments of degenerative disc disease, hypertension, right arm pain, diminished hearing, history of alcohol abuse in remission, pain disorder, personality disorder, and adjustment disorder. R. 14. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 15. The ALJ further found that Alexander retained the RFC to perform light work, further limited to

> no more than occasionally climbing, kneeling, and crawling, and he should avoid heights and hazards. The claimant has no limitations in the ability to understand, remember, and carryout simple instructions, but he cannot perform complex instructions. The claimant has a slight limitation in the ability to interact appropriately with the public but is still generally able to function satisfactorily in this area. The claimant has slight limitations in the ability to interact with coworkers and supervisors but can generally function well in these areas. The claimant is limited to reading and writings at the 6th grade level.

R. 16. The ALJ determined that Alexander could not return to his past relevant work as an installer, mover, or packer (R. 22), but that Alexander could work at jobs that exist in significant numbers in the national economy, such as a night cleaner, cafeteria attendant, and delivery messenger. R. 23. Thus, the ALJ concluded that he was not disabled. R. 23. On April 3, 2013, the Appeals Council denied Alexander's request for review (R. 1–5), and this appeal followed.

---

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

3

## ANALYSIS

Alexander contends that his claim should be remanded for further administrative consideration on the basis of additional medical records that were not before the ALJ, but later submitted to the Appeals Council. Specifically, Alexander identifies medical records that show that Alexander underwent back surgery less than two months after the ALJ's decision to deny benefits. Alexander alleges that the ALJ's evaluation of his credibility was grounded in the fact that Alexander's back treatment had been routine and conservative in nature, and that the Appeals Council erred by not reconsidering the ALJ's decision in light of this additional evidence documenting major back surgery. I agree, and therefore recommend remand to properly consider this additional evidence within the record as a whole.

When deciding whether to grant review, the Appeals Council must consider additional evidence, "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative. Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. Id.

When the Appeals Council denied Alexander's request for review, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981. As such, this Court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings. Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991.) "However, the Fourth Circuit has also admonished that it is the role of the ALJ, and not reviewing courts, to resolve conflicts in the evidence." Davis v. Barnhart, 392 F. Supp. 2d 747, 751 (W.D. Va. 2005)(citing Smith v. Chater,

4

99 F.3d 635, 638 (4th Cir. 1996)). Thus, when faced with new evidence, a court must reconcile its duty under Wilkins to review the entire record including the new evidence to determine if there is a reasonable possibility that it would change the outcome, with its obligation under Smith to abstain from making credibility determinations and resolving factual conflicts. Davis, 392 F. Supp. 2d at 751.

Courts in this district have achieved that balance by reviewing the record as a whole to determine if the new evidence is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports. If the new evidence creates such a conflict, there is a reasonable possibility that it would change the outcome of the case, and the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence. If such conflicts are not present, the case can be decided on the existing record without a remand. Id. (citing Bryant v. Barnhart, No. 6:04cv000017, 2005 WL 1804423, *5 (W.D. Va. Jan 21, 2005); Smallwood v. Barnhart, No. 7:03cv00749, slip op. at 2 (W.D. Va. Oct. 19, 2004); Ridings v. Apfel, 76 F. Supp. 2d 707, 709 n. 6 (W.D. Va. 1999); Thomas v. Commissioner, 24 Fed. Appx. 158, 162, 2001 WL 1602103, at *4 (4th Cir. 2001) (unpublished opinion)); McConnell v. Colvin, No. 2:02cv00005, 2013 WL 1197091, at *7 (W.D. Va. March 25, 2013).

Alexander has, among other ailments, a history of chronic back pain which he attributes to a motor vehicle accident, later exacerbated when he lifted a heavy air compressor in July 2009 and a fall from a tree in July 2011. R. 42, 296–97, 305, 314, 414, 513, 627, 713. Alexander's back pain was treated with various medications throughout the relevant period and physical therapy in the fall of 2009, both with mixed results. R. 299, 307, 329–41, 714, 721–25. A suggestion of drug abuse led doctors to curtail prescription pain medication at one point in 2010. R. 441, 447–48, 541. In November 2009, a neurosurgeon recommended epidural steroid

5

injections but not surgical intervention. R. 414. Alexander later reported that the series of three

epidural injections ending in 2010 either did not help with the pain or even increased the pain. R.

422, 614, 627.

Renewed discussion of surgical intervention began when Alexander began to see

neurosurgeon Jonathan Carmouche, M.D. in March 2011. R. 685–699. After an new MRI

revealed degeneration and spondylolisthesis at L5-S1 in January 2012, Dr. Carmouche told

Alexander that his back pain would be ideally managed with physical therapy and anti-

inflammatories, but that "[i]f your symptoms persist then at some point you may require surgical

intervention." R. 761–62. After reporting that physical therapy did not work in the past,

Alexander asked to schedule surgery. R. 765. At the administrative hearing on April 17, 2012,

Alexander testified that he had not yet had back surgery, but that he may have surgery in the

future. R. 47–48.

In the ALJ's decision denying Alexander benefits, entered April 26, 2012, the ALJ

explicitly noted that there was "no record of surgery being scheduled or performed." R. 18. The

ALJ further found that "[a]lthough the claimant has received treatment for the allegedly

disabling impairment(s), that treatment has been essentially routine and/or conservative in

nature….The claimant's back pain was treated with medication and physical therapy, and the

claimant often reported decreased pain from those." R. 19. The ALJ also noted evidence of drug

abuse and daily activities inconsistent with disability, and the fact that Alexander only

complained of "moderate" back pain, with few or no signs of back problems upon physical

examination. Accordingly, the ALJ found that Alexander's impairments could reasonably be

expected to cause his alleged symptoms, but that Alexander's "statements concerning the

intensity, persistence and limiting effects of these symptoms are not credible" to the extent that it was inconsistent with the RFC. R. 19. The ALJ found Alexander not disabled. R. 23.

Records subsequently procured and submitted to the Appeals Council show that Alexander was scheduled for surgery almost immediately following the ALJ's denial of benefits. On May 4, 2012, eight days following of the ALJ's decision, records from Dr. Carmouche show that Alexander was scheduled for transforaminal lumbar interbody fusion ("TLIF") surgery at L5-S1, to be performed on June 21, 2012. R. 771–75. Less than two months following the ALJ's denial of benefits, Alexander underwent the fusion surgery as scheduled. R. 786–90, 801, 821. The Appeals Council received, and made part of the administrative record, these pre- and post-operative records.[4] R. 5. However, the Appeals Council summarily found that the additional records did not provide a basis for changing the ALJ's decision. R. 1.

I find that the additional evidence regarding Alexander's June 2012 back surgery meets the requirements of Wilkins, and that remand is proper for full consideration of these records. As an initial matter, there is little dispute that the records are "new" in the sense that they were not present in the record before the ALJ's decision, and are therefore not duplicative or cumulative. Moreover, although dated following the ALJ's opinion, the records sufficiently relate back to the relevant period before the ALJ's decision. Alexander's back condition is clearly documented in the record during the relevant period, and indeed, Alexander's discussions with Dr. Carmouche about possible surgery were considered by the ALJ. R. 18. The surgery was scheduled just eight days after the ALJ entered his decision, and the surgery performed within two months. This is not an instance where the record suggests a worsening in Alexander's back condition following the ALJ's decision, the proper remedy for which would be re-filing a new claim for benefits. I discern no such deterioration in the medical records. Therefore, I find that Alexander's pre- and

---

[4] It does not appear that the records for the surgery itself were offered into the record.

7

Case 7:13-cv-00250-MFU-RSB   Document 25   Filed 07/18/14   Page 7 of 11   Pageid#: 959

post-operative records relate back to the relevant time period before the ALJ's decision. See, e.g., Reynolds v. Astrue, 7:07CV00586, 2008 WL 3910833, at *3 (W.D. Va. Aug. 25, 2008) (remanding where additional evidence included an MRI from less than two months after ALJ's decision that established disc herniation and surgery shortly thereafter).

I further find that the additional evidence is material because it calls into doubt the ALJ's determination of Alexander's credibility, and that there is a reasonable possibility that evidence regarding Alexander's surgery would change the ALJ's decision. A primary basis for which the ALJ discounted Alexander's complaints of disabling symptoms was the fact that the objective medical record did not support total disability—and specifically, that Alexander's treatment was "essentially routine and/or conservative in nature." R. 19. Back surgery cannot reasonably be considered conservative or routine in the way that physical therapy or pain medication is. The fact that Alexander was scheduled for surgery so soon after the ALJ's decision, and actually underwent the surgery thereafter, creates an evidentiary conflict that undermines the ALJ's analysis. Since the Appeals Council summarily denied review of the ALJ's decision, no fact finder has made a determination of how Alexander's surgery impacts his claim for benefits.

The case of Wade v. Colvin, 7:12-CV-00621, 2013 WL 4520273 (W.D. Va. Aug. 26, 2013) is instructive. Similar to Alexander, the claimant in Wade had a history of back pain and had undergone both physical therapy and epidural steroid injections during the relevant period, but not surgery. Id. at *2. In fact, a record from a neurosurgeon before the ALJ stated that the claimant was not a candidate for back surgery. The ALJ denied Wade's claim for benefits, and Wade submitted additional evidence to the Appeals Council that included a second, subsequent opinion of a consultative neurosurgeon that found that Wade was in fact a candidate for back surgery. Id. at *3. The Appeals Council denied Wade's claim, and she appealed to this Court.

The Court remanded because of the unresolved conflict in the evidence regarding Wade's need for surgery, and because the ALJ had discounted her complaints of pain because the record had showed that she did not need surgery. Id. at *4–5. The Court reasoned that "[m]uch of the new evidence, however, supports Plaintiff's complaints of pain and significantly bolsters Plaintiff's credibility on this issue. Thus, when presented with this new evidence, the ALJ may well make a different decision." Id. at *5. Similarly here, Alexander's subsequent surgery calls into question the ALJ's credibility determination to the point that a reasonable possibility of a different outcome exists.

The Commissioner argues that the ALJ's decision was based only in part on the fact that Alexander's back treatment was conservative and routine in nature, noting Alexander's inconsistent daily activities, drug use, and unremarkable physical examinations. However, the ALJ's analysis of Alexander's credibility and reliance on the lack of surgical intervention pervades the ALJ's decision. It may be that evidence of Alexander's June 2012 back surgery does not alter the outcome of the ALJ's analysis. That decision does not rest with the Court, however, and as there is a sufficient probability that the additional evidence will change the outcome, the law requires that I remand the case. See, e.g., Burton v. Colvin, CA 4:11-03335-CMC, 2013 WL 3551120, at *3 (D.S.C. July 11, 2013) ("In light of the new evidence that appears to conflict with one or more critical bases in the ALJ's opinion, and the lack of explanation by the Appeals Council as to why that new evidence did not affect Plaintiff's disability determination, the court cannot say that the ALJ's decision is supported by substantial evidence.").

In light of the ALJ's characterization of Alexander's back treatment as conservative and the new evidence regarding back surgery, I am unable to determine whether substantial evidence

9

supports the final decision of the Commissioner to deny benefits to Alexander. I therefore recommend remanding Alexander's claim under sentence four of 42 U.S.C. § 405(g) for consideration of this additional evidence and the record as a whole. Because I recommend remand on the basis of additional evidence, I need not address Alexander's additional arguments regarding the ALJ's analysis of Alexander's credibility and the combined effect of his impairments. Upon remand, however, the ALJ should carefully consider the record pursuant to the regulations, including the additional evidence submitted to the Appeals Council, in evaluating Alexander's claim.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that the court **DENY** defendant's motion for summary judgment, **GRANT IN PART** Alexander's motion for summary judgment, and that this case be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) with instructions to consider the additional evidence detailed above.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as

well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

                                    Enter: July 18, 2014

                                */s/ Robert S. Ballou*

                                Robert S. Ballou
                                United States Magistrate Judge

11

Case 7:13-cv-00250-MFU-RSB   Document 25   Filed 07/18/14   Page 11 of 11   Pageid#: 963